AMBER LANCASTER, DESSIE
MITCHESON, LINA POSADA, SARA
UNDERWOOD, URSULA MAYES,
RACHEL BERNSTEIN KOREN,
SANDRA VALENCIA, ALANA
CAMPOS, CIELO JEAN GIBSON and
MARKETA KAZDOVA,

      Plaintiffs,

v.                              Case No: 5:16-cv-662-Oc-30PRL

OCALA HOSPITALITY GROUP, LLC,

      Defendant.

_____

## ORDER

      Plaintiffs sued Defendant alleging it used Plaintiffs' images without permission to promote bars and nightclubs Defendant operates. Defendant defaulted, and the Court held an evidentiary hearing on damages. After concluding Plaintiffs proved damages on one of their claims, the Court entered a default judgment against Defendant. The Court also told Plaintiffs they could file a separate motion for attorneys' fees and costs in which they would need to show both entitlement and the amount claimed. While Plaintiffs showed they are entitled to recover some costs, Plaintiffs failed to show they are entitled to attorneys' fees.

## BACKGROUND

      Defendant, Ocala Hospital Group, LLC, operates Cowboys Saloon and The Colosseum out of the same address in Ocala, Florida. Cowboys Saloon is a country bar,

and The Colosseum is a nightclub. The websites and social media pages for Cowboys Saloon and The Colosseum cross-promote the venues with various specials. The promotional advertisements featured pictures of women, listed themes (*e.g.* "College Night and Beer Pong," "Sexy School Girls Party," "80s Party," etc.), and included drink specials. It is these promotional advertisements that are the subject of this case.

The 10 Plaintiffs are models whose images were used in these promotional advertisements without permission. All Plaintiffs make their living as models and enjoy a not-insignificant level of national and international success in their field. Despite their varied backgrounds, all Plaintiffs say they would never have taken a job where their likeness would be used in the way Defendant did: promoting alcohol specials at relatively small venues.

Plaintiffs sued Defendant on the following theories of liability: (1) violation of the Lanham Act, 15 U.S.C. section 1125(a)(1)(B), for false advertising; (2) violation of the Lanham Act, 15 U.S.C. section 1125(a)(1)(A), for false endorsement; (3) violation of section 540.08, Florida Statutes, for right to publicity and unauthorized misappropriation of name/likeness; (4) violation of the common law right to publicity and unauthorized misappropriation of name or likeness; (5) violation of section 501.204, Florida Statutes, for violation of Florida's Deceptive and Unfair Trade Practices Act; (6) violation of sections 772.11 and 812.014, Florida Statutes, for civil theft; (7) unjust enrichment; and (8) conversion. Defendant defaulted, and the Court held an evidentiary hearing on May 2, 2017, to consider Plaintiffs' damages.

Following the evidentiary hearing, the Court entered a Final Default Judgment Order (Doc. 22). The Order explained that Plaintiffs' evidence at the hearing focused solely on their Lanham Act claims and claims brought under section 540.08, Florida Statutes. The Court concluded Plaintiffs failed to establish damages under the Lanham Act, but did establish $222,500 in damages under section 540.08. The Court concluded the Order by stating:

> The Court reserves jurisdiction to determine Plaintiffs' entitlement to attorneys' fees and costs. Plaintiffs' counsel is directed to file a motion with fourteen (14) days from the date of this Order showing both entitlement to and the amount of attorneys' fees and costs Plaintiffs are requesting. Fed. R. Civ. P. 54(d).

(Doc. 22, p. 12).

## DISCUSSION

Plaintiffs filed a motion seeking $44,825.00 in attorneys' fees, and $9,909.27 in taxable costs. As explained below, Plaintiffs failed to show entitlement to attorneys' fees in their motion, so the Court cannot award any attorneys' fees. And Plaintiffs requests for costs must be reduced because the motion requests non-taxable costs.

### A. Attorneys' Fees

"Under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." *United States v. Pepper's Steel & Alloys, Inc.*, 289 F.3d 741, 742 (11th Cir. 2002). Federal Rule of Civil Procedure 54(d)(2) explains that when a party seeks attorneys' fees, they must file a motion "specify[ing] the judgment and the statute, rule, or other grounds entitling the movant to the award." There was no contract

between Plaintiffs and Defendant, so any entitlement to attorneys' fees necessarily must be based on a statute or rule.

Plaintiffs brought successful claims under section 540.08, Florida Statutes. The statute provides the following remedy:

> In the event the consent required in subsection (1) is not obtained, the person whose name, portrait, photograph, or other likeness is so used … may bring an action … to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages.

§ 540.08(2), Fla. Stat. (2016). Absent from the statute is any indication that a successful Plaintiff can recover attorneys' fees, nor can the Court find any case law providing an award of attorneys' fees based on this statute. So the Court concludes Plaintiffs are not entitled to attorneys' fees pursuant to this statute.[1]

Plaintiffs, curiously, allege entitlement to attorneys' fees pursuant to section 559.77(2), Florida Statutes. (Doc. 24, p. 4). That statute, part of the Florida Consumer Collection Practices Act ("FCCPA"), section 559.55 et seq., Florida Statutes, states:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. …

§ 559.77(2), Fla. Stat. (2016). So any award of fees under section 559.77(2) requires a plaintiff to first succeed on a claim for violation of section 559.72. Plaintiffs never made a

---

[1] The Court also notes that Plaintiffs did not request attorneys' fees in the Complaint (Doc. 1) pursuant to their claims for violation of section 540.08, Florida Statutes. While not dispositive, it appears Plaintiffs were aware that there was no basis to award attorneys' fees under this statute when they filed their Complaint.

claim against Defendant for violation of section 559.72—nor any other section of the FCCPA—so this statute fails to show Plaintiffs' entitlement to attorneys' fees.

Having failed to direct the Court to any statute or rule that entitled Plaintiffs to collect attorneys' fees, the Court concludes it must deny that portion of Plaintiffs' motion.

## B. Costs

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))). A strong presumption exists in favor of awarding costs. *See Durden*, 2010 WL 2105921, at *1; *see also Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). The district court's discretion in not awarding all costs is limited; the district court must articulate a sound reason for not awarding full costs. *See Chapman*, 229 F.3d at 1038-39; *Durden*, 2010 WL 2105921, at *1. "However, a court may only tax costs as authorized by statute." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Specifically, pursuant to 28 U.S.C. section 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Plaintiffs seek $9,909.27 in costs, which are listed in an exhibit to their motion. (Doc. 24-1, p. 8). The Court recreates the table provided by Plaintiffs, with line numbers added for ease of reference, below:

|  | Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|---|
| 1 | 11/09/2016 | LMD | USPS | Price for mailing of complaint; price for bubbled envelope | 8.49 | 1.0 | 8.49 |
| 2 | 11/09/2016 | JNC | Filing Fees | Filing fee for complaint (CLF check included in mailing) | 400.00 | 1.0 | 400.00 |
| 3 | 02/10/2017 | LK | USPS | Mailing of motion for default and entered default to defendant | 1.32 | 1.0 | 1.32 |
| 4 | 03/24/2017 | JNC | Fed Ex | Printing of all the docs for the evidentiary hearing | 53.75 | 1.0 | 53.75 |
| 5 | 03/27/2017 | LK | Travel | Tolls and parking for evidentiary hearing | 9.00 | 1.0 | 9.00 |
| 6 | 03/27/2017 | LK | Travel | Car rental for evidentiary hearing | 52.50 | 1.0 | 52.50 |
| 7 | 03/28/2017 | LK | Travel | Gas for travel to and from Tampa-evidentiary hearing | 50.59 | 1.0 | 50.59 |
| 8 | 04/10/2017 | LK | Travel | Tolls for hearing attendance | 7.85 | 1.0 | 7.85 |
| 9 | 04/19/2017 | SC | General Case Expenses | Printing of Notice of Hearing and Motion for Default re: process server to pick up at office | 84.17 | 1.0 | 84.17 |
| 10 | 05/01/2017 | LK | Travel | Flight to and from Tampa for evidentiary hearing. | 247.96 | 1.0 | 247.96 |

| | Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|---|
| 11 | 05/02/2017 | LK | Uber | Drive from Ft. Laud. Airport, drive from Tampa airport to the courthouse, drive from the courthouse to Tampa airport-evidentiary hearing | 30.59 | 1.0 | 30.59 |
| 12 | 05/02/2017 | LK | Travel | Drive to and from Fort Lauderdale airport for evidentiary hearing. | 3.42 | 1.0 | 3.42 |
| 13 | 05/02/2017 | LK | Meals & Expenses | Lunch for evidentiary hearing | 12.13 | 1.0 | 12.13 |
| 14 | 05/09/2017 | JNC | Expert Fees | Chamberlin close-out invoice, dated May 9, 2017 | 8,400.00 | 1.0 | 8,400.00 |
| 15 | 05/18/2017 | CV | Service of Process | Service of Process Invoice #CHP-2017000128 for Cowboys Ocala | 547.50 | 1.0 | 547.50 |

Expense total: **$9,909.27**

(Doc. 24-1, p. 8). Plaintiffs did not provide any argument as to why these costs are taxable, so the Court is left to review the expenses on its own and make that determination.

Having reviewed Plaintiffs' costs, the Court concludes Plaintiffs are only entitled to recover $1,125.42. This includes the following: line items 2 and 15 as fees of the clerk and marshal; line items 4 and 9 as fees for printing copies necessarily obtained for use in the case; and line item 14 as a witness fee. For line item 14, the Court notes that it can only award a $40 fee for Plaintiffs' expert to appear for the evidentiary hearing. *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990); *see also Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983) ("additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in federal courts.").

As to Plaintiffs' remaining expenses, the Court concludes Plaintiffs failed to meet their burden of proving entitlement to tax those costs. For instance, most of the remaining items are for Plaintiffs' counsel to travel for the evidentiary hearing. But courts generally cannot tax those costs. *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 802 (11th

Cir. 2012). Because Plaintiffs provided no basis from which the Court could conclude the remaining costs were taxable, the Court cannot award those costs.

## CONCLUSION

Plaintiffs failed to show entitlement to an award of attorneys' fees, so the Court does not award any of the requested fees. But Plaintiffs are entitled to recover $1,125.42 in taxable costs. This amount is reduced because Plaintiffs failed to show that they were entitled to recover the remaining $8,783.85 in expenses as taxable costs.

Accordingly, it is ORDERED AND ADJUDGED that:

1.  Plaintiffs' Motion for Award of Attorneys' Fees and Costs against Defendant (Doc. 24) is GRANTED IN PART.

2.  The Clerk is directed to enter a Bill of Costs in the amount of $1,125.42 in Plaintiffs' favor and against Defendant Ocala Hospitality Group, LLC, which shall accrue post-judgment interest at the legal rate from the date judgment was entered on March 27, 2017.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of June, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record